```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

ALFRED BEAUREGARD,              )
                                )
        Plaintiff,              )
                                )     C.A. No. 14-12689-PBS
        v.                      )
                                )
UMASS CORRECTIONAL HEALTH CARE, )
et al.,                         )
                                )
        Defendants.             )
                                )
```

## ORDER

Saris, C.J.

Alfred Beauregard was a named plaintiff in <u>Stote v. UMass Correctional Health</u>, C.A. No. 13-10267-NMG, a civil rights action filed by MCI Norfolk inmate John E. Stote in which he and over one hundred other prisoners claimed that medical care at MCI Norfolk was inadequate. Beauregard has since been transferred to the Massachusetts Treatment Center.

In an order dated June 25, 2014, the Court ordered that the claims of each plaintiff be severed and that a separate case be opened up for each individual plaintiff. <u>See</u> <u>id.</u> (docket entry #20). The order directed each plaintiff who wanted to prosecute his own claims to pay the $400 filing fee or file an Application to Proceed in District Court Without Prepaying Fees or Costs (also referred to as motion for leave to proceed <u>in forma pauperis</u>) within sixty days and that the failure to pay the fee or seek leave to proceed without payment of the fee may result in dismissal of the individual action without prejudice. The Clerk mailed a copy of Judge Gorton's order and the form Application to

Beauregard in June 2014.

On July 17, 2014, Beauregard filed a document (docket entry #4) bearing the case number of his individual action, in which he states that he cannot adequately represent himself and that he does not have funds to pay for an attorney.  He concludes, "Therefore, this Federal District Court Action, prevents me from accessing this Court with my attempt to seek redress of the Complaint originally received by this Court."

The Court will treat this filing as a notice of voluntary dismissal pursuant Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.  Should the plaintiff disagree with the characterization of the filing, he may move to reopen the case within thirty-five (35) days of the date of this order.

The Court notes that, although another prisoner cannot represent him, see Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982) ("By law an individual may appear in federal courts only pro se or through legal counsel."), and an unrepresented litigant must take legal responsibility for his own case, Beauregard is "free to accept the advice and assistance" of another inmate or other person, see id.

Accordingly, this action is DISMISSED WITHOUT PREJUDICE.  No filing fee shall be assessed.


    SO ORDERED.

| | |
|---|---|
|  12/12/2014  | /s/ Patti B. Saris |
| DATE | PATTI B. SARIS |
| | CHIEF, U.S. DISTRICT JUDGE |